Dear Judge Gray:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following queries:
 (1) Whether or not pursuant to Act 1163, the vehicle owned and operated by the employer of a 2d 3rd, 4th or subsequent DWI offender is required to be equipped with a functioning ignition interlock device on said vehicle when the offending employee is only allowed to operate the vehicle during normal work hours?
 (2)Whether or not pursuant to Act 1163, the vehicle owned and operated by the employer of a 2d 3rd, 4th or subsequent DWI offender is required to be equipped with a functioning ignition interlock device on said vehicle when the offending employee is allowed to operate the vehicle during non-work hours i.e. as transportation to and from home and work?
 (3) Whether or not pursuant to Act 1163, Judges have discretion to suspend the remainder of the sentence of imprisonment for 3rd and 4th offenders, thereafter requiring offenders to undergo evaluation to determine the nature and extent of the offender's substance abuse disorder?
Re: Inquiry #1
No. Under Act 1163, a vehicle owned and operated by the employer of a 2d 3rd, 4th or subsequent DWI offender is not required to be equipped with a functioning ignition interlock device when the offending employee is only allowed to operate the vehicle during normal work hours. Louisiana Revised Statute 32:378.2(I) provides:
 If a person is required to operate a motor vehicle in the course and scope of his employment which does not have an approved ignition interlock device, and if the vehicle is owned by the employer, the court may allow the person who is prohibited from operating a motor vehicle without such a device to operate the employer's vehicle while actually in the course and scope of employment, if the employer has been notified by the person that the person's driving privilege has been restricted and if the person has proof of that notification and evidence of court approval in his possession or the notice, or a facsimile copy thereof, is with this vehicle. The exemption provided by this Subsection shall not apply to any motor vehicle owned by a business entity which is all or partly owned or controlled by a person otherwise subject to this Subsection.
Act 1163 does not modify existing law with respect to employer owned vehicles operated by DWI offenders. When as a condition of probation, a DWI offender is required to operate only those motor vehicles equipped with an ignition interlock device, discretion remains with the court to determine whether the offender's employer will be required to have the device installed. The court will make this determination upon satisfaction of the requisite provisions set forth in La.R.S. 32:378.2(I).
Re: Inquiry #2
No. Act 1163 does not require a vehicle owned and operated by the employer of a 2d 3rd,4th or subsequent DWI offender to be equipped with an ignition interlock device when the offending employee is allowed to operate the vehicle during non-work hours i.e. transportation to and from work. However, a court is only permitted to exercise discretion in allowing the DWI offender to operate the employer owned vehicle during non-work hours if within the course and scope of employment.
Although typically referencing cases involving workman's compensation or negligence actions, oft-cited jurisprudence indicates generally, "an employee going to and from work is not in the course and scope of employment." Orgeron v. McDonald, 93-1353, p. 5 (La. 7/5/94);639 So.2d 224, 227. "An employee is outside the course and scope of employment until he reaches the employer's premises." Michaleskiv. Western Preferred Casualty Co., 472 So.2d 18 (La. 1985).
Therefore, it is our opinion that unless falling within a few delineated court-recognized exceptions, your example, "transportation to and from work", is not an activity within the course and scope of one's employment.
Re: Inquiry #3
No. Pursuant to Act 1163, judges do not have discretion to suspend the remainder of the sentence of imprisonment for 3rd and 4th offenders. The Louisiana legislature unambiguously uses the word shall to indicate its intent, deeming certain portions of the statute mandatory rather than permissive.
La.R.S. 14:98(D)(1) now reads in pertinent part:
 "On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without any benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder. The treatment professional performing the evaluation shall recommend appropriate treatment Upon successful completion of the inpatient substance abuse treatment required by this paragraph, the offender shall be sentenced to home incarceration for not less than the period of time remaining on the offender's suspended sentence. If the offender fails to complete the substance abuse treatment required by the provisions of the Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration."
La.R.S. 14:98(E)(1) now reads in pertinent part:
 "Except as otherwise provided on a conviction of a fourth or subsequent offense, notwithstanding any other provisions of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars.
 Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.
 The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder. The treatment professional performing the evaluation shall
 recommend appropriate modalities Upon successful completion of the inpatient substance abuse treatment provided by this paragraph, the offender shall be sentenced to home incarceration for not less than one nor more than five years and shall be fined five thousand dollars."
Hence, Act.1163 complies with existing law in that it does not grant judges discretion in determining whether suspensions of sentences will occur. The statute's mandatory language clearly sets forth guidelines to be followed in cases involving 3rd and 4th DWI offenders.
It is my sincere hope this opinion has been helpful. If I may be of further assistance, please do not hesitate to contact my office. With warmest regards, I remain.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 __________________________ MARTY WHITE Assistant Attorney General
MW/jw/jy